UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

DOROTA WIDER,

                    Plaintiff,

       -against-

AID TO THE DEVELOPMENTALLY DISABLED,
INC. d/b/a RISE LIFE SERVICES, and CHARLES
EVDOS, individually,

                    Defendants.

-----------------------------------------------------------------X

**COMPLAINT**

**Docket No.:**

Jury Trial Demanded

       DOROTA WIDER ("Plaintiff"), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Complaint against AID TO THE DEVELOPMENTALLY DISABLED, INC. d/b/a RISE LIFE SERVICES ("Rise"), and CHARLES EVDOS, individually ("Evdos"), (together as "Defendants"), alleges upon knowledge as to herself and her own actions, and upon information and belief as to all other matters, as follows:

**NATURE OF CASE**

       1.    This is a civil action based upon Defendants' collective violations of Plaintiff's rights guaranteed to her by: (i) the anti-sex discrimination and anti-retaliation provisions of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"); (ii) the anti-sex discrimination and anti-retaliation provisions of the New York State Human Rights Law ("NYSHRL"); and (iii) any other claim(s) that can be inferred from the facts set forth herein.

       2.    Plaintiff, female, is a former employee of Defendants - - a New York non-profit corporation that provides various services to adults with developmental disabilities and mental health challenges in Suffolk County, New York, and its Executive Director who was Plaintiff's

direct supervisor - - and she brings this action to seek redress for Defendants' sex discrimination and retaliation taken against her during her employment.  Specifically, as detailed herein, Defendants discriminated against Plaintiff due to her sex by subjecting her to a hostile work environment, and then retaliated against her for complaining about that discrimination by terminating her employment, all in violation of Title VII with respect to Rise, and the NYSHRL as to both Defendants.

## JURISDICTION AND VENUE

3.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 42 U.S.C. § 2000e *et seq.*  The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over all state law claims.

4.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.     On May 12, 2021, Plaintiff filed a Verified Complaint ("Complaint") against Defendants with the New York State Division of Human Rights ("NYSDHR"), NYSDHR Case No. 10212068, and cross-filed her Complaint with the United States Equal Employment Opportunity Commission ("EEOC"), EEOC Charge No. 16GC101880, alleging sex discrimination and retaliation based on the events alleged and under the statutes invoked herein.

6.     On November 22, 2021, the NYSDHR issued a "Determination After Investigation," in which it found probable cause to believe that Defendants engaged in the unlawful discriminatory practices complained of in Plaintiff's NYSDHR Complaint.  On September 22, 2022, the NYSDHR dismissed the case, upon Plaintiff's request, for administrative convenience

so that Plaintiff could pursue her claims in court, and on December 6, 2022, the EEOC issued a dismissal of charge and right to sue notice. Plaintiff commences this action within ninety days of receipt of that notice from the EEOC.

## PARTIES

7.      At all relevant times herein, Plaintiff was a "person" and an "employee" entitled to protection as defined by Title VII and the NYSHRL, as she worked for Rise in New York.

8.      At all relevant times herein, Defendant Rise was and is a New York non-profit corporation with its principal place of business located at Millbrook Office Campus, 901 East Main Street, Riverhead, New York 11901, which is authorized to receive service of process at that same address. Rise "employs" fifteen, and thus one or more employees, and is accordingly an "employer" within the meaning of Title VII and the NYSHRL.

9.      At all relevant times herein, Defendant Evdos was, and still is, the Executive Director of Rise. In that role, Evdos directly supervised Rise's program directors, including Plaintiff, and had the authority to hire and fire employees, and thus is subject to direct individual liability under the NYSHRL.

## BACKGROUND FACTS

10.     Defendant Rise is a New York non-profit corporation that provides several services to adults with developmental disabilities and mental health challenges in Suffolk County, such as residential programs, supported apartments, clinical support, and case management.

11.     Plaintiff worked for Rise from March 2000 until November 2, 2020, in Rise's Riverhead office, and held three different positions over that time. More specifically, Plaintiff was a residential manager from March 2000 until February 2001, when she was promoted to Director of the Individualized Residential Alternative ("IRA") Program, a role she held until April 2020,

when she was again promoted to the IRA Program Operations Director.  She held that last position until the termination of her employment on November 2, 2020.

12.     As the IRA Program Operations Director, Plaintiff was responsible for working with Rise's housing coordinator, in addition to performing all of her previous responsibilities as Director of the IRA program, which included: recruiting, training, and supervising all staff in the IRA program; developing and implementing patients' treatment plans, goals, and objectives; communicating with residents, residents' families, and third-party vendors; assisting in the development of proposals and/or contracts with funding or potential funding sources; maintaining all records related to the IRA program; and providing on-call coverage on a twenty-four-hour basis to address any issues that arose in the IRA program.  Plaintiff was also responsible for ensuring that the IRA program complied with all federal and state regulations, including those promulgated by the New York State Office for People With Developmental Disabilities.

13.     In January 2017, Evdos was hired as Rise's Executive Director, and thus became Plaintiff's supervisor.  In this role, Evdos supervised the program directors and had the authority to, and did in fact, hire and fire directors.

14.     On September 24, 2020, Evdos informed Plaintiff that he planned to change the administration of the IRA program and the Intermediate Care Facility program.  On September 30, 2020, when Plaintiff expressed to Evdos her concern that the proposed changes would adversely affect the quality of care provided to the residents of both programs, disrupt the residents' lives and happiness, and make it harder for Rise to comply with the federal and state regulations applicable to each program, Evdos reacted belligerently, raised his voice, dismissed Plaintiff's concern without considering it, and belittled her for raising it.

15.     During the several years that Plaintiff had reported to Evdos prior to this incident, Plaintiff had witnessed Evdos treat other female directors, including Elizabeth Robles and Meghan Smith, in a similarly aggressive and disdainful manner, but had never seen him react this way to a male director.  Indeed, on several occasions before this, Darryl Johnson, a male director at Rise at the time, had aggressively argued with Evdos and raised his voice during discussions about Mr. Johnson's work performance, but Evdos never berated, disparaged, or even disciplined Mr. Johnson for his conduct, and instead remained respectful to Mr. Johnson.

16.     Further, Evdos never provided Rise's former Human Resources Director, Jacklyn DiLallo, who is female, with a company car, as the position did not require any traveling, but when Evdos replaced DiLallo with a male, Jose Perez, in July 2020, Evdos immediately provided Perez with a company car.

17.     Along those lines, when it came to responding to Plaintiff, a woman who had the audacity to raise legitimate concerns about the possible negative consequences that one of Evdos's decisions might have on the developmentally disabled residents that Rise serves, Evdos became enraged and proceeded to berate and yell at Plaintiff, standing up from his desk and raising his voice.

18.     Over the following weeks, Evdos became increasingly belligerent with Plaintiff, repeatedly referring to her as a "pain in the neck," and on October 20 and October 27, 2020, he berated and yelled at her in an intimidating, condescending, and demeaning manner in front of some of her colleagues, using a disdainful tone and volume that he did not use with males.

19.     On October 27, 2020, after the second instance on which Evdos berated her in front of her colleagues, Plaintiff met with Gina Mehalakes, Rise's Human Resources Director, to address Evdos's behavior towards her.  During this meeting, Plaintiff informed Ms. Mehalakes

that Evdos had a history of exhibiting this kind of unprofessional conduct towards women, but that he never treated men this way, was much more tolerant with men than with women, and that he appeared to prefer working with men rather than women, and that Evdos "would not treat me like this if I were a man."  Plaintiff further advised Ms. Mehalakes that she considered this meeting her "formal complaint" against Evdos and that she would no longer tolerate his "rants, his yelling, and now his berating [me] in front of [my] colleagues."  At the conclusion of the meeting, Ms. Mehalakes advised Plaintiff that she would speak with Evdos about Plaintiff's concerns.

20.   On November 2, 2020, Evdos and Ms. Mehalakes convened a meeting with Plaintiff, during which Evdos proceeded to reprimand Plaintiff and threaten her that the outcome of the meeting would depend on how she responded to him.  When Plaintiff asked if her recent complaint about Evdos's behavior had prompted the meeting, Evdos began yelling at her, screaming: "you are fired, you are fired, you are fired!"

21.   Defendants have engaged in a disturbing pattern of discriminating against female employees and then retaliating against those who muster the courage to complain about it.  Indeed, Rise's former Human Resources Director, Jacklyn DiLallo, upon the termination of her employment on March 2, 2020, complained to Rise's then-Board President, Ron McManus, that she believed Evdos had treated her disparately due to her gender, and then retaliated against her for complaining about it by fabricating a reason to fire her.

## FIRST CLAIM FOR RELIEF AGAINST RISE
### *Sex Discrimination in Violation of Title VII*

22.   Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

23.   Title VII prohibits employers from discriminating against employees on the basis of, *inter alia*, their sex.

6

24.     As described above, Plaintiff was an "employee" within the meaning of Title VII, while Defendant Rise was and is an "employer" within the meaning of Title VII.

25.     As also described above, Defendant Rise discriminated against Plaintiff, on the basis of her sex, in violation of Title VII, by subjecting Plaintiff to a hostile work environment, which denied Plaintiff the opportunity to work in an employment setting free of unlawful discrimination.

26.     As a direct and proximate result of Defendant Rise's unlawful discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of career fulfillment, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

27.     Defendant Rise's unlawful discriminatory actions constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

28.     Plaintiff is also entitled to attorneys' fees for Defendant Rise's violations of Title VII.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Sex Discrimination in Violation of the NYSHRL*

29.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

30.     The NYSHRL prohibits employers from discriminating against employees on the basis of, *inter alia*, their sex.

31.     As described above, Plaintiff was an "employee" within the meaning of the NYSHRL, while Defendants were and are "employers" within the meaning of the NYSHRL.

32.     As also described above, Defendants discriminated against Plaintiff, on the basis of her sex, in violation of the NYSHRL, by subjecting Plaintiff to a hostile work environment, which denied Plaintiff the opportunity to work in an employment setting free of unlawful discrimination.

33.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of career fulfillment, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

34.     Defendants' unlawful discriminatory actions constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

35.     Plaintiff is also entitled to attorneys' fees for Defendants' violations of the NYSHRL.

## THIRD CLAIM FOR RELIEF AGAINST RISE
### *Retaliation in Violation of Title VII*

36.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

37.     Title VII prohibits employers from retaliating against employees who engage in activity protected under Title VII.

38.     As described above, Plaintiff was an "employee" who engaged in activity protected under Title VII, while Defendant Rise was and is an "employer" within the meaning of Title VII.

39.     As also described above, after Plaintiff engaged in activity protected under Title VII, Defendant Rise retaliated against Plaintiff, in violation of Title VII, by terminating her employment.

40.     As a direct and proximate result of Defendant Rise's unlawful retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, economic loss, for which she is entitled to an award of monetary damages and other relief.

41.     As a direct and proximate result of Defendant Rise's unlawful retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of career fulfillment, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

42.     Defendant Rise's unlawful retaliatory actions constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

43.     Plaintiff is also entitled to attorneys' fees for Defendant Rise's violations of Title VII.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Retaliation in Violation of the NYSHRL*

44.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

45.     The NYSHRL prohibits employers from retaliating against employees who engage in activity protected under the NYSHRL.

46.     As described above, Plaintiff was an "employee" who engaged in activity protected under the NYSHRL, while Defendants were and are "employers" within the meaning of the NYSHRL.

47.     As also described above, after Plaintiff engaged in activity protected under the NYSHRL, Defendants retaliated against Plaintiff, in violation of the NYSHRL, by terminating her employment.

48.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which she is entitled to an award of monetary damages and other relief.

49.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of career fulfillment, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

50.     Defendants' unlawful retaliatory actions constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

51.     Plaintiff is also entitled to attorneys' fees for Defendants' violations of the NYSHRL.

## DEMAND FOR A JURY TRIAL

52.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A.     A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York laws;

B.     An order restraining Defendants from any retaliation against Plaintiff for participating in this lawsuit in any form;

C.     Granting an award of damages in an amount to be determined at trial to compensate Plaintiff for all monetary and/or economic damages in connection with her claims, whether legal

or equitable in nature, including back pay, front pay, and any other damages for lost compensation or employee benefits that she would have received but for Defendants' unlawful conduct;

D.      Granting an award of damages to be determined at trial to compensate Plaintiff for emotional distress and/or mental anguish in connection with her claims;

E.      Granting an award of damages to be determined at trial to compensate Plaintiff for harm to her professional and personal reputations and loss of career fulfillment in connection with her claims;

F.      Granting an award of punitive damages, to the extent permitted by law, commensurate with Defendants' ability to pay;

G.      Granting an award of reasonable attorneys' fees, as well as all costs and disbursements incurred in connection with this action, including expert witness fees and other costs;

H.      Granting an award of pre-judgment and post-judgment interest, as provided by law; and

I.     Granting such other and further relief as this Court deems just and proper.

Dated:  Garden City, New York
         February 28, 2023

                                      Respectfully submitted,
                                      BORRELLI & ASSOCIATES, P.L.L.C.
                                      *Attorneys for Plaintiff*
                                      910 Franklin Avenue, Suite 200
                                      Garden City, New York 11530
                                      Tel. (516) 248 - 5500
                                      Fax. (516) 248 - 6027

By:   _____
                                      ALEXANDER T. COLEMAN (AC 8151)
                                      MICHAEL J. BORRELLI (MB 8533)